UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

TONY LOVE,                              )
                                        )
                Petitioner,             )
                                        )
        v.                              )        No. 2:20-cv-00281-JRS-MG
                                        )
FRANKIE LITTLEJOHN,                     )
                                        )
                Respondent.             )

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Tony Love's petition for a writ of habeas corpus challenges his conviction in prison

disciplinary case WCU 18-11-0233. For the reasons explained in this Entry, Mr. Love's petition is

**denied**.

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning

class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,*

485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018).

The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written

notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial

decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the

evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,*

418 U.S. 539, 563-67 (1974).

### B. Disciplinary Proceeding

Mr. Love was found guilty of violating Indiana Department of Correction (IDOC) Adult

Disciplinary code A-102, battery, and received sanctions of a year in restrictive housing, loss of

5700 days of good time credit, and a two-step demotion in credit earning class. Dkt. 8 at 2; dkt. 8-

11. On January 21, 2020, the Appeal Review Officer Levitt designated the case for rehearing and

vacated the grievous sanctions. Dkt. 8-11; dkt. 8-12.

Mr. Love received the following conduct report upon rehearing, charging him with code

A-100, violation of any federal, state, or local law—Ind. Cod. § 35-42-2-1 battery, of Sgt. Hubbard.

| Name of offender Love, Tony | | DOC number of offender 127260 | | Facility PCF/IR | Housing unit HCH |
|---|---|---|---|---|---|
| Date of incident (month, day, year) 08/13/2018 | Time of incident 4:26 | ☐ AM ☑ PM | Place of incident HCH 1 & 2 landing A-Block | Date report written (month, day, year) 01/23/2020 | |
| Offense Violation of any Federal, State, or Local Law.  IC 35-42-2-1 Battery  (Sgt. Hubbard) | | | | | Code number 100 |

DESCRIPTION OF INCIDENT (if more space is needed, attach additional sheets in triplicate.)

Sgt. Hubbard stated that he was in the A-Block office doing paperwork as the chow line started to come in on B-Block.

Hubbard stated that offender Webb started to talk to him through the crossover gate on B-Block. Hubbard stated that Webb

was complaining about not receiving laundry back after being sent in to be cleaned. Hubbard stated that Webb removed a

piece of paper, and demanded that he sign the paper. Hubbard stated that he never looked at the paper, but told Webb

that he would not sign the paper. Hubbard stated that Webb then demanded that he go search his room and provide him with a

statement of theft. Hubbard stated that Webb said that if he didn't, he would refuse to be restrained and lock in his cell.

Hubbard then escorted Webb to the A-Block side of HCH, Due to Webb's behavior and to reduce the risk of other offenders

becoming involved. Webb refused to be restrained so Hubbard called for assistance. Officer Richey arrived and Webb was

given another order to be restrained. Webb was being passively resistant, so an application of O.C. was administered.

At this time offenders Love DOC 127260, Williams DOC 181731, and Schrock DOC 149622 left the B-Block of HCH and

approached the A-Block front door of HCH. Hubbard turned his head to see the offender approach the door, and was struck

in the head by offender Webb. Offenders Love, Williams, and Schrock then entered the A-Block side of HCH and began

to strike Sgt. Hubbard. Officer Richey attempted to assist Hubbard but he was attacked by Williams and Love. Lt. Bynum

arrived and attempted to assist, but was attacked by offender Schrock. Schrock then took Sgt. Hubbards O.C. and began to

(Additional details continued in attached document due to space)

Disposition of physical evidence, if any

All evidence held by I.I. Per Policy

| Name of offender | | | DOC number of offender | | Facility | Housing unit |
|---|---|---|---|---|---|---|
| Love, Tony | | | 127260 | | PCF/IR | HCH |

| Date of Incident *(month, day, year)* | Time of Incident | ☐ AM ☑ PM | Place of Incident | Date report written *(month, day, year)* |
|---|---|---|---|---|
| 08/13/2018 | 4:26 | | HCH 1 & 2 landing A-Block | 1/23/2020 |

| Offense | Code number |
|---|---|
| Violation of any Federal, State, or Local Law. IC 35-42-2-1 Battery (Sgt. Hubbard) | 100 |

*DESCRIPTION OF INCIDENT (if more space is needed, attach additional sheets in triplicate.)*

sprayed the involved staff members with the O.C. During this Incident Offender Love entered the front door to HCH A-Block, and

struck Officer Richey in what appears to be the back of the head at least 3 times. Lt. Bynum then arrives and attempts

to stop Offender Love's assault of Officer Richey, but is then attacked by offender Schrock. Offender Love then

began to strike Officer Richey again striking him at least 1 more time before he began to assault Lt.

Bynum and Sgt. Hubbard. Offender Love can be seen striking Sgt. Hubbard in the face and head at least 8

time with a closed fist. Offender Love then strikes Lt. Bynum in the face and head twice. Offender Love is

is then sprayed with O.C. (Oleoresin Capsicum) and flees the area.

Sgt. Hubbard injuries included but were not limited to 2 black eyes, swollen forehead with knots, swollen bridge

of the nose, abrasions and swelling to the back of the head, cut to the right ear, and abrasions to the

torso and arms

| Disposition of physical evidence, if any |
|---|
| All evidence held by I.I. Per Policy |

Dkt. 8-1. Sgt. Hubbard's injuries were photographed after the incident and were submitted to the

Court for *ex parte* review at docket 9. Video is also included in the record and was filed *ex parte*.

Dkt. 13.

Mr. Love was notified of the charge and provided the conduct report on January 28, 2020.

Dkt. 8-2. He pleaded not guilty, did not wish to call witnesses, noted he would "provide old

statement from case," and did not request physical evidence. *Id.* Later, Mr. Love requested to add

Lt. J. McCutcheon as a witness who would state that Sgt. Hubbard said that Love was not involved.

Dkt. 8-5. A statement was collected from Lt. McCutcheon, and he stated that he had reviewed Mr.

Love's picture but did not recall speaking to him on the day of the incident with Sgt. Hubbard. Dkt. 8-6.

Mr. Love's rehearing was held on February 6, 2020, and he argued that there were no witness statements added to the conduct report, he was not written up until three months after the incident, the question he asked of the witness was not answered, and his write-up went from assaulting two staff members to three. Dkt. 8-4. The disciplinary hearing officer (DHO) considered the staff reports, Mr. Love's statement, the witness evidence, and pictures of Sgt. Hubbard's injuries, and found Mr. Love guilty. *Id.* The DHO amended the charge to a code violation A-102, battery. *Id.* Mr. Love's sanctions included one-year disciplinary restrictive housing, deprivation of 5700 days of earned credit time, and a two-step credit class demotion. *Id.*

Mr. Love's administrative appeals were unsuccessful. Dkt. 8-7; dkt. 8-8. He then filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Love raises four grounds in his petition: (1) that the Appeal Review officer's orders were ignored; (2) that the conduct report was duplicated to extend his sanctions; (3) that he was denied witness statements; and (4) that his sanctions were excessive. Dkt. 1 at 2-4.

#### 1. Appeal Review and Restitution

Mr. Love argues that Appeal Review Officer Levitt gave the facility orders to vacate his sanctions and to grant him a rehearing. *Id.* at 3. He claims that before the rehearing, money was taken from his trust account for restitution and he had a disciplinary segregation release date. *Id.* He claims the decision to find him guilty was already made prior to the rehearing. *Id.*

A declaration from the director of the IDOC sentence computation and release unit indicates that the director restored Mr. Love's loss of earned credit time after his appeal was granted

and the matter was set for rehearing. Dkt. 8-14 (Jennifer Farmer Declaration). The respondent argues that mathematically if the IDOC had not restored Mr. Love's credit time—and imposed it twice—his sentence would increase by 31.2 years, which does not match his current projected release date.[1] Dkt. 8 at 12. Moreover, the Court finds that Mr. Love's Offender Information System Conduct Summary does not indicate that his sanctions were twice imposed. Dkt. 8-12.

Further, Mr. Love's argument that funds were taken out of his trust fund account is not a cognizable claim for relief in a habeas action. Prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief. *Washington v. Smith*, 564 F.3d 1350, 1350-51 (7th Cir. 2009) (holding challenge to restitution amount does not state a cognizable claim for relief under § 2254). A restitution order is part of a sentence; it can be challenged on direct appeal, but not later. *See United States v. Sloan*, 505 F.3d 685, 697 (7th Cir. 2007).

Accordingly, Mr. Love is not entitled to the relief he seeks on this ground.

### 2. Failure to Exhaust Grounds (2) and (3)

The respondent argues that Mr. Love failed to exhaust his administrative remedies as to grounds (2) and (3), in short that he received duplicate conduct reports and that he was denied production of witness statements. Dkt. 8 at 2. In Indiana, only the issues raised in a timely appeal

---

[1] "Love is currently serving a 55-year sentence for Murder, which will be followed by three separate four and one-half year sentences for three Level 5 felony battery convictions; his earliest possible release date is July 11, 2046 . . . . Love was charged with murder in 2001. Because Love committed his murder offense well before Indiana's 2014 criminal code revision, if he remained in the highest credit class, he would obtain one day of credit for each day served. Thus, if Love only had to serve his murder sentence and he remained in the highest credit class, he would be released sometime in 2028. If Love were assigned to the highest credit class because of his battery convictions, he would complete those sentences in 2030. Love's sentence would then be extended to 2046 because of his 5700-day credit time deprivation, resulting in a projected release date in 2046, which is exactly when Love's projected release date is." Dkt. 8 at 13 (internal citations omitted). The respondent contends that if the deprivation was imposed twice, Mr. Love would not be released until 2062. *Id.*

to the Facility Head and then to the Final Reviewing Authority may be raised in a subsequent petition for writ of habeas corpus unless a showing of cause and prejudice or a miscarriage of justice (meaning conviction of an innocent person) has been made. *See* 28 U.S.C. § 2254(b)(1)(A); *Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

However, the Court elects in the interest of judicial economy to address the merits of these grounds for relief. *See Brown v. Watters*, 599 F.3d 602, 609-10 (7th Cir. 2010) ("[T]he Supreme Court noted that its cases have 'suggest[ed] that the procedural-bar issue should ordinarily be considered first.' Nevertheless, added the Court, it did 'not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be.'" (quoting *Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997)).

### a. Duplicative Conduct Reports

Despite Mr. Love receiving multiple convictions stemming from a single event, this petition before the Court challenges only one disciplinary proceeding: WCU 18-11-0233. This is proper. Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts mandates that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." As such, the only question before this Court is whether the disciplinary proceeding conducted in WCU 18-11-0233 (or the sanctions assessed as a result of it) deprived Mr. Love of his due process rights guaranteed by *Wolff* and *Hill*. Mr. Love cannot obtain habeas relief by arguing that the two charges against him were duplicative or redundant. Simply put, "double jeopardy protections do not attach in prison disciplinary proceedings." *Portee v. Vannatta*, 105 F. App'x 855, 858 (7th Cir. 2004). Although the double jeopardy clause prohibits multiple "punishments" for the same offense,

"[p]rison discipline . . . does not constitute 'punishment' . . . for double jeopardy purposes." *Singleton v. Page*, 202 F.3d 274, 1999 WL 1054594, *2 (7th Cir. 1999) (citing *Garrity v. Fiedler*, 41 F.3d 1150, 1151-52 (7th Cir. 1994)). Mr. Love's arguments that the reports were identical, and thus, one report should be thrown out in accordance with IDOC policy is not a basis for habeas relief. Dkt. 16. Whether the multiple proceedings were duplicative or redundant is of no concern in this habeas action.

However, the conduct reports were not duplicative. The respondent notes that the DHO found Mr. Love guilty of battery under WCU 18-11-0237, but he was not deprived of credit time or demoted in credit earning class. Dkt. 8 at 5; dkt. 1-8. Moreover, this charge was for battery against a different officer during the incident, not Sgt. Hubbard.

Accordingly, Mr. Love is not entitled to habeas relief on this ground.

### b. Witness Statement

Mr. Love contends that he was denied witness statements that were collected by officials investigating the incident. Specifically, the conduct report by Investigator Turney includes phrases like "Sgt. Hubbard stated" throughout the report. Dkt. 1 at 3. Mr. Love infers that Sgt. Hubbard gave a witness statement, and claims that witness statements, like Sgt. Hubbard's, were withheld from him making it impossible to challenge his conviction. *Id.* But Mr. Love only requested Lt. McCutcheon as a witness, and a witness statement was collected from Lt. McCutcheon which did not exculpate Mr. Love as he had hoped it might. Rather, Lt. McCutcheon stated he did not recall any conversation with Mr. Love related to Sgt. Hubbard saying that he was not involved in the incident. As for Sgt Hubbard, there is no indication that he prepared any statements beyond his account as summarized in the conduct report, or that any statement of his or anyone else's was withheld from Mr. Love.

7

Moreover, Mr. Love has not shown how any statement by Sgt. Hubbard was material or exculpatory. Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id*., and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008). As the petitioner, it is Mr. Love's burden to establish that any evidence he was denied was material and exculpatory. *See Piggie v. Cotton,* 344 F.3d 674, 679 (noting the petitioner did not "explain how [the requested witness's] testimony would have helped him" and thus "the district court properly denied relief" on the petitioner's claim that he was wrongfully denied a witness). Mr. Love made no further request for witnesses. He has not met the burden of proof. It is reasonable to conclude that if Sgt. Hubbard had made a statement, it would serve as only inculpatory evidence.

### 3. Excessive Sanctions

Finally, Mr. Love argues that his sanction of a loss of 5700 days of earned credit time, nearly sixteen years, is excessive and not consistent with IDOC guidelines. Dkt. 1 at 4. However, this allegation involves the prison's compliance with IDOC policies, which do not provide support for habeas corpus relief. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x  531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see*

8

*also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

Moreover, the respondent argues that although the sanctions do not fall within the sanctions under the IDOC policy and Administrative Procedure, they are allowed under the Executive Directive #17-09 issued on February 23, 2017. This directive explicitly states that if any offender is convicted of violation of code A-102 involving battery of a staff member, the offender can suffer "a loss of the entire balance of [his] accumulated earned credit time." Dkt. 8-13. Though Mr. Love contends that a 2020 revised version does not include that punishment for a violation of code A-102 but rather only A-100 (his previous charge), A-115, and A-117, his argument is unavailing. Dkt. 15. The revised document Mr. Love attaches at docket 15-1 is dated as effective on March 1, 2020, *after* his disciplinary rehearing which was held on February 6, 2020.

Accordingly, Mr. Love is not entitled to habeas relief on this ground.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Love to the relief he seeks. Accordingly, Mr. Love's petition for a writ of habeas corpus is **denied** and the **action dismissed with prejudice**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:    6/15/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

9

Distribution:

TONY LOVE
127260
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Monika P. Talbot
INDIANA ATTORNEY GENERAL
monika.talbot@atg.in.gov